CHRISTOPHER B. GOINS,                    )
                                         )
        Plaintiff,                   )
                                         )
v.                                       )          No.:      3:26-CV-260-TAV-DCP
                                         )
CAMPBELL COUNTY COURT,                   )
JEFFERSON COUNTY COURT, and              )
JEFFERSON COUNTY JAIL,                   )
                                         )
        Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner currently housed in the Jefferson County Jail, filed (1) a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper [Doc. 1] and **DISMISS** this action for failure to state a claim.

## I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] and supporting Certificate of Inmate Accounts [Doc. 6] that he lacks the financial resources to pay the filing fee in advance. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. §1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the

full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## B. Plaintiff's Allegations

Plaintiff filed a grievance at the Jefferson County Jail (the "Jail"), but the Lieutenant told Plaintiff he would "have to deal with it [him]self" because it was "not her job to deal with another county jail" [Doc. 2, p. 4].

During a shakedown, the Jail lost Plaintiff's card, which had his lawyer's number on it [*Id.*]. Plaintiff cannot "get [any] help at this Jail" [*Id.*]. Plaintiff states, "I told my lawyer went [sic] I went to court they are they [sic] some [sic] charge but his [sic] didn[']t hear me why I don't knows [sic]" [*Id.*].

Aggrieved, Plaintiff sues the Jail, the Campbell County Court, and the Jefferson County Court, asking "for some help in this matter[,]" for a lawyer to come visit him, and to be moved to the Knoxville Jail [*Id.* at 4, 5].

## C. Analysis

To state a claim against a defendant for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In view of this standard, the Court finds Plaintiff's complaint fails to state a claim

3

under § 1983 for two separate reasons.

First, none of the named Defendants are "persons" within the meaning of the law. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute."); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Second, Plaintiff's complaint does not allege any facts that would permit the plausible inference that his constitutional rights have been violated. Plaintiff complains that his attempt to file a grievance was met with opposition, but there is no constitutional right to an adequate or effective grievance process in prison. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). He also contends that staff members lost his lawyer's card during a shakedown, but negligence cannot form the basis for a § 1983 claim. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). Further, it is apparent that the loss of this card did not prevent Plaintiff's contact with his counsel, as Plaintiff claims that he spoke to his lawyer when they went to court [Doc. 2, p. 4]. And as to Plaintiff's remaining allegations, the Court notes that while Plaintiff appears to be distressed about events in two different courts and/or jails, the complaint does not clarify what those events are. While Plaintiff seeks "help in this matter[,]" the "matter" itself is not clear. So, Plaintiff has not pled sufficient facts to give rise to a facially plausible claim. *See, e.g., Iqbal*, 556 U.S. at 678.[1]

---

[1] To the extent Plaintiff is complaining of his incarceration on Jefferson County charges, the Court takes judicial notice that Plaintiff pleaded guilty to theft in the Circuit Court of Jefferson County on June 3, 2026. *See* Jefferson County, *Online Ct. Recs. Sys.,* https://jefferson.tncrtinfo.com/crCaseForm.aspx?id=9D04DDF2-2C87-4698-92FC-

4

Therefore, Plaintiff's complaint will be **DISMISSED** for failure to state a claim.

### III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.    The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.    Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

6B6314D70BE5&dsid=2d83bd45 (last visited July 8, 2026); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted))  Accordingly, Plaintiff's criminal judgment in that case prevents him from challenging the fact of his incarceration on those charges unless/until he can demonstrate that judgment has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment).

5